U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 0 8 2016

TONY R. MOORE CLERK
BY _____
              DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

GERALD CARR (#507319)

VERSUS

TIM KEITH, ET AL.

DOCKET NO. 15-cv-2630; SEC. P

JUDGE DRELL

MAGISTRATE JUDGE PEREZ-MONTES

## REPORT AND RECOMMENDATION

Pro se Plaintiff Gerald Carr filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on November 2, 2015, while incarcerated at Winn Correctional Center in Winnfield, Louisiana. Plaintiff was granted leave to proceed *in forma pauperis* on November 10, 2015. (Doc. 4). The order granting pauper status was returned as undeliverable on November 23, 2015. (Doc. 5).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Applicable Law

Local Rule 41.3 provides that "[t]he failure of an attorney **or pro se litigant** to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." (Emphasis added). An order was sent to Petitioner on November 12, 2015. (Doc. 4). The order was returned to the Clerk of Court through the postal service as undeliverable on November 23,

2015, with a notation that the Plaintiff had been released. (Doc. 5). No correction to Plaintiff's address has been made, and more than 30 days have passed since the document was returned.

**THEREFORE, IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with Rule 41.3 of the Local Rules for the Western District of Louisiana for failing to keep the court apprised of his mailing address.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS

**ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

   **THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of January, 2016.

                                    _____
                                    Hon. Joseph H.L. Perez-Montes
                                    United States Magistrate Judge

3